```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON
```

ROBERT MOFFATT,                                  Case No. 07-767-HO

        Plaintiff,                        ORDER

   v.

Commissioner of Social Security,

        Defendant,

     Plaintiff filed this action for review of the decision of the Commissioner denying his applications for a period of disability, disability insurance benefits and supplemental security income. For the reasons that follow, the decision of the Commissioner is reversed, and this matter is remanded for further proceedings.

     Substantial evidence in the form of the opinions of treating physician Niles and examining physician Ogisu supports the ALJ's finding that plaintiff could stand and walk for four hours during an eight hour work day until April 19, 2002, and that plaintiff can stand and walk for six hours during an eight hour workday

since April 19, 2002. (Tr. 27-28, 38, 553, 629, 637). The opinions of the agency consulting physicians are not apparently contrary, as each found plaintiff capable of standing or walking for at least two hours out of an eight hour workday. (Tr. 358, 446, 863). To the extent the agency physician opinions contradict the opinions of Drs. Niles and Ogisu, the ALJ permissibly favored the opinions of the treating and examining physicians.

The ALJ permissibly rejected the opinions of treating physician Koon and examining physician Van Nostrand regarding limitations in plaintiff's ability to stand and walk in favor of the conflicting opinions of treating physician Niles and examining physician Ogisu. Substantial evidence supports plaintiff's longer treating relationship with Dr. Niles, Dr. Niles's opinions that plaintiff had light duty work needs and was released for light work and plaintiff's employment for 14 months during 2003, 2004 and 2005. (Tr. 30-37, 941-43, 946). See Batson v. Commissioner, 359 F.3d 1190, 1195 (9th Cir. 2004).

On June 20, 2001, on a form provided by plaintiff's attorney, Dr. Niles opined, inter alia, that plaintiff must walk around for one minute every 90 minutes, that plaintiff needs the opportunity to shift at will from sitting or standing/walking, that plaintiff is unable to climb ladders and is rarely able to twist, stoop, crouch or climb stairs, that plaintiff's reaching

function and ability to push and/or pull is limited by his impairment, and that plaintiff has limited balance because of decreasing leg strength and obesity. The ALJ wrote,

> I am unable to base my conclusion of the claimant's disability on a fill-in the blanks questionnaire where answers are inconsistent with the physician's own progress notes and/or opinions or record based on her findings on examination and the use of medically acceptable diagnostic techniques. Dr. Niles' statement in this questionnaire did not assist me in the evaluation of this claim, as the record does not reveal evidence in support of a deterioration in the claimant's condition. There is nothing in the record to reflect her several prior statements, releasing the claimant to light exertion work without any other limitations; recommending he to continue to seek reinstatement in his prior position in the post office; looking for alternative employment as well, and disability not being in his best interest, to were not longer reflection of his physical condition. Consequently, I put more credence in the opinions found in the treatment record than the supported advocacy found in answers to counsel's questionnaire.

(Tr. 34-35). The ALJ further found that these limitations are inconsistent with treatment notes releasing plaintiff to light exertion work which do not include additional limitations, that Dr. Niles did not include evidence of deterioration of plaintiff's condition to justify new opinions, that limitations to walk every 90 minutes for one minute and to shift at will from sitting or standing/walking are not sustained by the entire evidence and that no objective findings based on examination or medically acceptable diagnostic techniques sustain restricted balance. (Tr. 35-36).

The ALJ stated insufficient reasons to reject Dr. Niles's

3 - ORDER

opinion regarding plaintiff's nonexertional limitations other than the limitation to avoid ladder climbing.  The lengthy treating relationship previously noted by the ALJ commenced in February 1995, and Dr. Niles wrote that she has seen plaintiff almost monthly since that date.  (Tr. 538, 551).  Progress notes may not reasonably be expected to identify all nonexertional limitations.  Dr. Niles's notes do not state that plaintiff has no nonexertional limitations.  Dr. Niles identified the medical findings that support her diagnoses and assessments of nonexertional limitations.  (Tr. 551, 554-56).  Documents from Dr. Niles's office evince physical examination, range of motion, MRI and electromyography testing.  (e.g. Tr. 471, 491, 501, 528, 530).  In spite of his explanation for rejecting Dr. Niles's opinions of nonexertional limitations, the ALJ accepted her opinion that plaintiff cannot climb ladders.  (Tr. 36).  The ALJ provided no legitimate reason for accepting some of Dr. Niles's assessments of nonexertional limitations while disregarding others.

Drs. Niles and Koon did not opine that plaintiff would need to work at a reduced pace if employed full-time at the light or sedentary levels of exertion, as plaintiff contends.  Rather, the doctors opined that it would be reasonable to expect as much. (Tr. 552, 568).

The ALJ found that the medical evidence does not contain

4 - ORDER

adequate objective findings in support of Dr. Westfall's assessment that plaintiff is limited to occasional stooping, crouching and crawling, or Dr. Lahr's opinion that plaintiff is limited to occasional stooping, kneeling and crouching and no crawling. (Tr. 33-34). The doctors' opinions are based on the medical evidence of record, including specific documents, and the ALJ provides no other explanation as to why these opinions are mistaken. (Tr. 357, 361-62, 445-47, 450-52).

Similarly, the ALJ stated insufficient reasons to reject Dr. Koon's opinion that plaintiff is unable to climb ladders, twist, stoop or crouch, and that plaintiff is rarely able to climb stairs. The ALJ found that this assessment of postural limitations is not based on adequate findings. (Tr. 37). The assessment is based on a treating relationship exceeding two years, and an interpretation of the MRI. Presumably Dr. Koon had access to records produced by his colleague, Dr. Niles. (Tr. 566-67, 570-71). Whereas the ALJ found no significant findings on examinations or medically acceptable diagnostic techniques (Tr. 37), at least six physicians found that the medical evidence supports postural limitations.

For the period prior to April 19, 2002, Dr. Henry's opinion that plaintiff needs a routine work setting is adequately addressed by the ALJ's assessment that plaintiff is limited to simple, routine, repetitive work with no public contact. The ALJ

5 - ORDER

provided no reason for not including these limitations in his assessment of plaintiff's RFC for the period after April 19, 2002, however.

The ALJ rejected Dr. Sacks's diagnosis of pain disorder because the diagnosis "has not been confirmed." (Tr. 25, 843). The stated reason is insufficient. Dr. Sacks's opinion confirms Dr. Bryan's previous diagnosis. (Tr. 404).

The ALJ adequately considered and permissibly rejected the global assessment of functioning ratings of 35-40 and 50. The ALJ noted plaintiff's single hospitalization for suicide attempt and subsequent successful job-seeking, receipt of general assistance, food stamps, health plan and housing, and full-time employment. (Tr. 27). There is no requirement that the ALJ revisit the GAF ratings elsewhere in the decision, as plaintiff seems to contend. Pl's Brief at 14.

The decision does not recite Dr. Bryan's opinion that plaintiff's social functioning is extremely limited. Any error in this regard is harmless. Substantial evidence supports the ALJ's assessment of plaintiff's social functioning. As the ALJ noted, plaintiff worked as a convenience store cashier and fast food restaurant shift leader after the alleged onset date and lived with and regularly socialized with friends and/or family. (Tr. 25, 30-31).

On this record, plaintiff's receipt of unemployment benefits

is not clearly inconsistent with his claim of disability. Error in concluding otherwise is harmless, as plaintiff's full-time work for fourteen months beyond the alleged onset date is also inconsistent with his claim of disability. It does not follow from plaintiff's argument that he is entitled to a trial work period that the ALJ may not consider plaintiff's employment in determining whether plaintiff is disabled.

The ALJ found it implausible that Ms. Albay's relationship with plaintiff is platonic based on Ms. Albay's testimony regarding activities and time with plaintiff, and that plaintiff "fills a void in her heart."[1] (Tr. 31). The ALJ wrote, "[t]his casts doubt on much of her testimony." Id. Plaintiff argues that the ALJ engaged in improper speculation, and persons in non-platonic relationships are competent to provide lay testimony.

Whether plaintiff and Ms. Albay have a platonic relationship, substantial evidence supports the ALJ's skepticism. Ms. Albay testified that she has spent at least four hours per day with plaintiff nearly every day for the last three years watching television, socializing, walking plaintiff's dog and talking. Although she denied attraction to and romantic involvement with plaintiff on examination, she further testified

---

[1] The ALJ misquoted Ms. Albay. She said, "I didn't have anybody in my life when I met [plaintiff]. I had broken up from a 10-year relationship, and he just filled a void that I had." (Tr. 1054).

7 - ORDER

that she helps plaintiff with his household chores and cooking, she and plaintiff "seem to hit it off really well" and that plaintiff filled a void she had after the termination of a relationship of ten years duration. (Tr. 1044-48, 1053-54).

Plaintiff is correct that persons in romantic relationships are not incompetent witnesses because of such relationships. However, the ALJ found much of Ms. Albay's testimony doubtful because she testified regarding a platonic relationship which the ALJ found implausible, not because she was romantically involved with plaintiff.

The ALJ and counsel did not include all limitations stated in improperly rejected medical opinions in hypothetical questions posed to the vocational expert. This matter must be remanded. The court cannot determine that plaintiff would necessarily be found disabled were such medical opinions credited as true. Because the medical and vocational evidence is inconsistent, the court does not require that certain evidence be credited as true on remand. Consistent with this order, the ALJ shall again apply
///


///


///


8 - ORDER

the five-step sequential evaluation to determine whether plaintiff is disabled, and issue a new written decision.

## Conclusion

Based on the foregoing, the decision of the Commissioner is reversed.  This matter is remanded to the Appeals Council for remand to the ALJ for further proceedings.

IT IS SO ORDERED.

DATED this   25th    day of September, 2008.


                                          s/ Michael R.  Hogan
                                        United States District Judge